**MOWER CARREON & DESAI LLP**
Aashish Y. Desai, Esq.
    Email: desai@mocalaw.com
M. Adrianne De Castro, Esq.
    Email: decastro@mocalaw.com
8001 Irvine Center Drive, Suite 1450
Irvine, California 92618
Telephone: (949) 474-3004/Facsimile: (949) 474-9001

Attorneys for Plaintiffs

**SWERDLOW FLORENCE SANCHEZ SWERDLOW & WIMMER**
David A. Wimmer, Esq. (SBN 155792)
    Email:    dwimmer@swerdlowlaw.com
Phillip K. Cha, Esq. (SBN 211286)
    Email:    pcha@swerdlowlaw.com
9401 Wilshire Blvd., Suite 828
Beverly Hills, California 90212
Telephone: (310) 288-3980/Facsimile: (310) 273-8680

**MCGUIREWOODS LLP**
Matthew C. Kane, Esq. (SBN 171829)
    Email:    mkane@mcguirewoods.com
Sabrina A. Beldner, Esq. (SBN 221918)
    Email:    sbeldner@mcguirewoods.com
Sylvia J. Kim, Esq. (SBN 258363)
    Email:    skim@mcguirewoods.com
1800 Century Park East, 8th Floor
Los Angeles, California 90067
Telephone: (310) 315-8200/Facsimile: (310) 315-8210

Attorneys for Defendant McLANE FOODSERVICE, INC.
and Specially Appearing Defendant McLANE COMPANY, INC.

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL CARDENAS, ET AL., | CASE NO. SACV 10-0473-DOC-FFMx |
| Plaintiffs, | **STIPULATED PROTECTIVE ORDER** |
| vs. | |
| McLANE FOODSERVICE, INC., a Texas corporation, McLANE COMPANY INC., a Texas corporation, and DOES 1-100, inclusive, | **Discovery Cut-Off Date:** 03/31/11<br>**Pre-Trial Conference Date:** 06/13/11<br>**Trial Date:** 08/02/11 |
| Defendants. | |

## 1.    PURPOSE AND LIMITATIONS

Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information by parties and non-parties to this action for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation would be warranted. Accordingly, the parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order.  The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords extends only to the limited information or items that are entitled under the applicable legal principles to treatment as confidential.  **The parties further acknowledge, as set forth in Section 10, below, that this Stipulated Protective Order creates no entitlement to file confidential information under seal; the Federal Rules of Civil Procedure and Local Rules of this Court set forth the procedures that must be followed and reflect the standards that will be applied when a party seeks permission from the Court to file material under seal.**

## 2.    <u>DEFINITIONS</u>

As used in this Stipulated Protective Order:

2.1    Party:  means any party to this action, including all of its officers, directors, employees, consultants, retained experts, and outside counsel (and their support staff).

2.2    Disclosure or Discovery Material:  means all items or information, regardless of the medium or manner generated, stored, or maintained (including, among other things, testimony, transcripts, or tangible things) that are produced or generated in disclosures or in response to discovery in this matter by any Party or non-party.

2.3    "Confidential" Information or Items:  means information (regardless of how generated, stored, or maintained) that the Producing Party in good faith

contends constitutes or contains information that is confidential, sensitive, competitive, or potentially invasive of an individual's privacy interests.

2.4    "Highly Confidential - Attorneys' Eyes Only" Information or Items: means extremely sensitive "Confidential" Information or Items whose disclosure to another Party or non-party would create a substantial risk of injury to the Producing Party that could not be avoided by less restrictive means, including, but not limited to, personnel or payroll data or information, commercial, pricing, costing, customer or marketing information relating to the Producing Party or the Producing Party's commercial products or planned commercial products, or technical and research information that is extremely sensitive.

2.5    Receiving Party:  means a Party that receives Disclosure or Discovery Material from a Producing Party.

2.6    Producing Party:  means a Party or non-party that produces Disclosure or Discovery Material in this action.

2.7    Designating Party:   means a Party or non-party that designates information or items produced in disclosures or in response to discovery as "Confidential" or "Highly Confidential - Attorneys' Eyes Only."

2.8    Protected Material:  means any Disclosure or Discovery Material that is designated as "Confidential" or as "Highly Confidential - Attorneys' Eyes Only."

2.9.   Outside Counsel:  means attorneys who are not employees of a Party but who are retained to represent or advise a Party in this action.

2.10   House Counsel:  means attorneys who are employees of a Party.

2.11   Counsel (without qualifier):  means, collectively, Outside Counsel and House Counsel (as well as their support staffs).

2.12   Expert:  means a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its Outside Counsel to serve as an expert witness or as a consultant in this action.   This definition includes a professional jury or trial consultant retained in connection with

this litigation.

2.13   Professional Vendors:  means persons or entities that provide litigation support services (e.g., photocopying; videotaping; translating; preparing exhibits or demonstrations; organizing, storing, or retrieving data in any form or medium; etc.) and their employees and subcontractors.

**3.    SCOPE**

The protections conferred by this Stipulated Protective Order cover not only Protected Material (as defined above), but also any information copied or extracted therefrom, as well as all copies, excerpts, summaries, or compilations thereof, plus testimony, conversations, or presentations by parties or Counsel to or in court or in other settings that might reveal Protected Material.

**4.    DURATION**

**The provisions of this Order are retroactive to and including March 1, 2011.**  Even after the termination of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs.

**5.    DESIGNATING PROTECTED MATERIAL**

**5.1    Exercise of Restraint and Care in Designating Material for Protection**.  **Each Party or non-party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards.  A Designating Party must take care to designate for protection only those parts of materials, documents, items, testimony, or oral or written communications that qualify, so that other portions of the materials, documents, items, testimony, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.**

If it comes to a Party's or a non-party's attention that information or items that it designated for protection do not qualify for protection at all, or do not qualify for

the level of protection initially asserted, that Party or non-party must promptly notify all other parties that it is withdrawing the mistaken designation.

**5.2** <u>**Manner and Timing of Designations**</u>.  Except as otherwise provided in this Order (see, e.g., second paragraph of section 5.2(a), below), or as otherwise stipulated or ordered, material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires substantial compliance with the following:

(a)   for information in documentary form (apart from transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL & SUBJECT TO PROTECTIVE ORDER" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY & SUBJECT TO PROTECTIVE ORDER" on each page that contains protected material, or words substantially to either effect (whichever may be applicable). If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins) and must specify, for each portion, the level of protection being asserted (either "CONFIDENTIAL & SUBJECT TO PROTECTIVE ORDER" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY & SUBJECT TO PROTECTIVE ORDER").

A Party or non-party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced.  During the inspection and before the designation, all of the material made available for inspection shall be deemed "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY."  After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order, then, before producing the specified documents, the

Producing Party must affix the appropriate legend ("CONFIDENTIAL & SUBJECT TO PROTECTIVE ORDER" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY & SUBJECT TO PROTECTIVE ORDER") on each page that contains Protected Material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins) and must specify, for each portion, the level of protection being asserted (either "CONFIDENTIAL & SUBJECT TO PROTECTIVE ORDER" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY & SUBJECT TO PROTECTIVE ORDER").

(b)   for testimony given in deposition or in other pretrial or trial proceedings, that the Party or non-party offering or sponsoring the testimony identify on the record, before the close of the deposition, hearing, or other proceeding, all protected testimony, and further specify any portions of the testimony that qualify as "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY."  When it is impractical to identify separately each portion of testimony that is entitled to protection, and when it appears that substantial portions of the testimony may qualify for protection, the Party or non-party that sponsors, offers, or gives the testimony may invoke on the record (before the deposition or proceeding is concluded) a right to have up to 60 days after receipt of the transcript to identify the specific portions of the testimony as to which protection is sought and to specify the level of protection being asserted ("CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY").  Only those portions of the testimony that are appropriately designated for protection within the 60 days after receipt of the transcript shall be covered by the provisions of this Stipulated Protective Order.

Transcript pages containing Protected Material must be separately bound by the court reporter, who must affix on each such page the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY," as instructed by

the Party or non-party offering or sponsoring the witness or presenting the testimony.

(c)     for information produced in some form other than documentary, and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL & SUBJECT TO PROTECTIVE ORDER" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY & SUBJECT TO PROTECTIVE ORDER."   If only portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portions, specifying whether they qualify as "CONFIDENTIAL" or as "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY."

**5.3**   **Inadvertent Failures to Designate.**  If timely corrected, an inadvertent failure to designate qualified information or items as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. If material is appropriately designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" after the material was initially produced, the Receiving Party, on timely notification of the designation, must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

**6.**   **CHALLENGING CONFIDENTIALITY DESIGNATIONS**

**6.1**   **Timing of Challenges**.  Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable substantial unfairness, unnecessary economic burdens, or a later significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

**6.2**   **Meet and Confer**.  A Party that elects to initiate a challenge to a

Designating Party's confidentiality designation must do so in good faith and must begin the process by conferring directly with Outside Counsel for the Designating Party.  In conferring, the challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party a reasonable opportunity, but in no event less than ten (10) court days, to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation. A challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first.

**6.3**     **Judicial Intervention**.  A Party that elects to press a challenge to a confidentiality designation after considering the justification offered by the Designating Party may file and serve a motion **in accordance with the provisions of Local Rule 37** that identifies the challenged material and sets forth in detail the basis for the challenge.  Each such motion must be accompanied by a competent declaration that affirms that the movant has complied with the meet and confer requirements imposed in the preceding paragraph.

The burden of persuasion in any such challenge proceeding shall be on the Designating Party.  Until the court rules on the challenge, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation.

**7.**     **ACCESS TO AND USE OF PROTECTED MATERIAL**

**7.1**     **Basic Principles**.  A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a non-party in connection with this case only for prosecuting, defending, or attempting to settle this litigation.  Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the litigation has been terminated, a Receiving Party must comply with the provisions of Section 11, below (FINAL DISPOSITION).

1   Protected Material must be stored and maintained by a Receiving Party at a
2   location and in a secure manner that ensures that access is limited to the persons
3   authorized under this Order.

4   **7.2   <u>Disclosure of "CONFIDENTIAL" Information or Items</u>**.   Unless
5   otherwise ordered by the Court or permitted in writing by the Designating Party, a
6   Receiving Party may disclose any information or item designated CONFIDENTIAL
7   only to:

8   (a)   the Receiving Party's Outside Counsel of record in this action, the
9   Receiving Party's Outside Counsel who represent it in connection with issues
10  related to this action, as well as employees of said Outside Counsel to whom it is
11  reasonably necessary to disclose the information for this litigation;

12  (b)   the officers, directors, and employees (including House Counsel) of the
13  Receiving Party to whom disclosure is reasonably necessary for this litigation;

14  (c)   Experts (as defined in this Order) of the Receiving Party to whom
15  disclosure is reasonably necessary for this litigation and who have signed the
16  "Acknowledgement and Agreement to Be Bound" that is attached hereto as Exhibit
17  A;

18  (d)   the Court and its personnel;

19  (e)   court reporters, their staffs, and professional vendors to whom
20  disclosure is reasonably necessary for this litigation and who have signed the
21  "Acknowledgement and Agreement to Be Bound" (Exhibit A);

22  (f)   during their depositions, witnesses in the action to whom disclosure is
23  reasonably necessary and who, if they are not an officer, director or employee of a
24  party to this action, have signed the "Acknowledgement and Agreement to Be
25  Bound" (Exhibit A).   Pages of transcribed deposition testimony or exhibits to
26  depositions that reveal Protected Material must be separately bound by the court
27  reporter and may not be disclosed to anyone except as permitted under this
28  Stipulated Protective Order.

(g)     the author of the document or the original source of the information.

**7.3     Disclosure of "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" Information or Items**.   Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" only to:

(a)     the Receiving Party's Outside Counsel of record in this action as well as employees of said Outside Counsel to whom it is reasonably necessary to disclose the information for this litigation;

(b)     the Receiving Party's House Counsel;

(c)     Subject to Section 7.4, Experts (as defined in this Order) (1) to whom disclosure is reasonably necessary for this litigation, and (2) who have signed the "Acknowledgement and Agreement to Be Bound" that is attached hereto as Exhibit A;

(d)     the Court and its personnel;

(e)     court reporters, their staffs, and professional vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgement and Agreement to Be Bound" that is attached hereto as Exhibit A; and

(f)     the author of the document or the original source of the information.

**7.4     Procedures for Approving Disclosure of "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" Information or Items to "Experts."**

(a) Unless otherwise ordered by the Court or agreed in writing by the Designating Party, a Party that seeks to disclose to an "Expert" (as defined in this Order) any information or item that has been designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" first must make a written request to the Designating Party that (1) sets forth the full name of the Expert and

the city and state of his or her primary residence, (2) attaches a copy of the Expert's current resume, and (3) identifies the Expert's current employer(s).  However, if the intended disclosure to an Expert is made prior to any statutory deadline to disclose or exchange expert identifications, then the Party that seeks to disclose to an Expert any information or item that has been designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" may redact the full name of the Expert from the Expert's current resume.

(b)    A Party that makes a request and provides the information specified in the preceding paragraph may disclose the subject Protected Material to the identified Expert 11 court days after delivering the Request unless, within 10 court days of delivering the request, the Party receives a written objection from the Designating Party.  Any such objection must set forth in detail the grounds on which it is based.

(c)    A Party that receives a timely written objection must meet and confer with the Designating Party to try to resolve the matter by agreement.  If no agreement is reached, the Party seeking to make the disclosure to the Expert may file a motion as provided by the applicable rules seeking permission from the Court to do so.  Any such motion must describe the circumstances with specificity, set forth in detail the reasons for which the disclosure to the Expert is reasonably necessary, assess the risk of harm that the disclosure would entail and suggest any additional means that might be used to reduce that risk.  In addition, any such motion must be accompanied by a competent declaration in which the movant describes the parties' efforts to resolve the matter by agreement (i.e., the extent and content of the meet and confer discussions) and sets forth the reasons advanced by the Designating Party for its refusal to approve the disclosure.

In any such preceding the Party opposing disclosure to the Expert shall bear the burden of proving that the risk of harm that the disclosure would entail (under the safeguards proposed) outweighs the Receiving Party's need to disclose

10

STIPULATED PROTECTIVE ORDER

the Protected Material to its Expert.

8.   **PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION.**

If a Receiving Party is served with a subpoena or an order issued in other litigation that would compel disclosure of any information or items designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY," the Receiving Party must so notify the Designating Party, in writing (by e-mail and fax, if possible) immediately and in no event more than three (3) court days after receiving the subpoena or order. Such notification must include a copy of the subpoena or court order.

The Receiving Party also must immediately inform in writing the Party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is the subject of this Protective Order.  In addition, the Receiving Party must deliver a copy of this Stipulated Protective Order promptly to the party in the other action that caused the subpoena or order to issue.  The Receiving Party will make no disclosure of any Protected Material prior to the deadline set forth in the subpoena.

The purpose of imposing these duties is to alert the interested parties to the existence of this Protective Order and to afford the Designating Party in this case an opportunity to try to protect its confidentiality interests in the court from which the subpoena or order issued.  The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material, and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful subpoena, process, or directive from another court.  The order of the court from which the subpoena or order seeking production of Protected Material on the issue of protection of that material will govern in that proceeding.

**9.      UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL**

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosure(s), (b) use its best efforts to retrieve all copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgement and Agreement to Be Bound" that is attached hereto as Exhibit A.

**10.      FILING PROTECTED MATERIAL & USE AT TRIAL BEFORE DISTRICT JUDGE.**

**Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this or any other action or proceeding any Protected Material, unless ordered or permitted by the Court or agreement of the Designating Party.  A Party that seeks to file under seal any Protected Material must comply with the applicable Federal Rules of Civil Procedure and Local Rules of this Court.  Use and disclosure of any Protected Material at trial will be governed by a subsequent order of the District Judge governing the trial of this action.**

**11.      INADVERTENT DISCLOSURE OF PRIVILEGED DOCUMENTS.** The inadvertent production or disclosure of any document or thing otherwise protected by the attorney-client privilege or attorney work product immunity shall not operate as a waiver of any such privilege or immunity if, after learning of the inadvertent production or disclosure, the party who made the inadvertent production or disclosure sends to any Receiving Party a written request for the return or destruction of such documents or things.  Upon receiving such a request, the Receiving Party shall immediately take all necessary steps to return or destroy such

documents or things, including all copies and electronic copies, and make a written certification to the Producing Party of such compliance.  If the Receiving Party disclosed the inadvertently produced document or thing before being notified by the Producing Party, it must take reasonable steps to retrieve the inadvertently produced document or thing.

a.     If the Receiving Party wishes to contest that any such document or thing was inadvertently produced or is protected by the attorney-client privilege or by attorney work-product immunity, the Receiving Party shall so notify the Producing Party in writing when the document or thing is returned to the Producing Party.  Within 10 court days after receiving such notification, the Producing Party shall provide to the Requesting Party a list identifying all such returned documents and things and stating the basis for the claim of privilege or immunity.  Within five (5) court days after receiving such a list, and after the parties have attempted to resolve the dispute through a meaningful meet-and-confer, the Receiving Party may file a motion to compel production of such documents and things, the protection of which is still disputed.  If such a motion is filed, the Producing Party shall have the burden of proving that the documents and things in dispute are protected by the attorney-client privilege or by attorney work-product immunity.

b.     With respect to documents and things subsequently generated by a Receiving Party, which documents and things contain information derived from such inadvertently produced documents and things, if the Receiving Party does not notify the Producing Party that the Requesting Party disputes the claims of attorney-client privilege or attorney work-product immunity, the Receiving Party shall immediately destroy or redact the derivative documents and things in a manner such that the derivative information cannot in any way be retrieved or reproduced.

c.     In no event, however, shall the return or destruction of demanded documents be delayed or refused because of a Receiving Party's objection to the demand or by the filing of a motion to compel.  Furthermore, until and unless such

motion to compel is granted, the Receiving Party shall neither quote nor substantively reveal any privileged information contained within the documents or things at issue, either prior to or following their return, except to the extent such information is reflected in an appropriate privilege log.

**12.     FINAL DISPOSITION.**

Unless otherwise ordered or agreed in writing by the Producing Party, within 60 days after the final termination of this action, each Receiving Party must return all Protected Material to the Producing Party. As used in this Section, "all Protected Material" includes all copies, abstracts, compilations, summaries or any other form of reproducing or capturing any of the Protected Material.  With permission in writing from the Designating Party, the Receiving Party may destroy some or all of the Protected Material instead of returning it.  Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the sixty day deadline that identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and that affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or other forms of reproducing or capturing any of the Protected Material.  Notwithstanding this provision, Outside Counsel are entitled to retain an archival copy of all pleadings, motion papers, transcripts, legal memoranda, correspondence or attorney work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4 (DURATION), above.

**13.     MISCELLANEOUS**

**13.1     Right to Further Relief**.  Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

**13.2     Right to Assert Other Objections**.  By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to

disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order.  Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

**13.3**   **Stipulation Binding Upon Execution and For Limited Duration**. By signing this Stipulated Protective Order, the Parties agree to be bound by its terms, upon execution by all Parties **and effective as of March 1, 2011**, even if the Stipulated Protective Order is not entered by the Court, subject to the further stipulation by the Parties and/or order of the Court regarding the treatment of any documents or information that was provided pursuant to its terms.  Nothing in this Stipulated Protective Order constitutes any type of express or implied waiver or limitation by the Parties of any of their rights under the Federal Rules of Civil Procedure or the Court's Local Rules.

**IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.**

**ORDER**

IT IS SO ORDERED.

DATED:  March 10, 2011             /S/ FREDERICK F. MUMM
                                   HON. FREDERICK F. MUMM
                                   UNITED STATES MAGISTRATE JUDGE

# EXHIBIT A

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____, of

_____, declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Central District of California in the case of MICHAEL CARDENAS, ET AL., vs. McLANE FOODSERVICE, INC., et al., Case No. SACV 10-0473-DOC-FFMx.  I agree to comply with and to be bound by all of the terms of that Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt.  I solemnly promise that I will not disclose in any manner any information or item that is subject to the Stipulated Protective Order to any person or entity except in strict compliance with the provisions thereof.

I further agree to submit to the jurisdiction of the United States District Court for the Central District of California for the purpose of enforcing the terms of the Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____