# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

O

### CIVIL MINUTES - GENERAL

Case No. SACV 10-0473 DOC (FFMx)                                    Date: May 23, 2011
Title: MICHAEL CARDENAS, ET AL v. MCLANE FOOD SERVICE, INC.

PRESENT:

#### THE HONORABLE DAVID O. CARTER, JUDGE

|          Julie Barrera          |          Not Present          |
| :---: | :---: |
| Courtroom Clerk | Court Reporter |

ATTORNEYS PRESENT FOR PLAINTIFFS: ATTORNEYS PRESENT FOR DEFENDANTS:

| NONE PRESENT | NONE PRESENT |
| :---: | :---: |

PROCEEDING (IN CHAMBERS): ORDER GRANTING IN PART AND DENYING IN PART
PLAINTIFFS' EX PARTE APPLICATION TO AMEND
SCHEDULING ORDER TO ALLOW PLAINTIFFS TO FILE
THEIR MOTION TO COMPEL AND MOTION FOR
PROTECTIVE ORDER

Before the Court is Plaintiffs' Ex Parte Application to Amend Scheduling Order to Allow
Plaintiffs to File their (1) Motion to Compel Defendant's Responses to Requests for Production, Set
Two; and Special Interrogatories, Set Two; and (2) Motion for Protective Order Regarding Depositions
(the "Application"). The Court finds the matter appropriate for decision without oral argument. Fed.
R. Civ. P. 78; Local R. 7-15. After reviewing the moving and opposing papers, the Court hereby
GRANTS IN PART AND DENIES IN PART the Application.

## I.      Background

Plaintiffs' Application comes at the tail end of many discovery disputes between the
parties. Plaintiffs filed the two discovery motions for which they seek leave to file on April 12 and
April 18, 2011. The Magistrate Judge denied the motions without prejudice pursuant to this Court's
Scheduling Order that set April 5, 2011 at the final motion filing date to challenge discovery responses.
Plaintiffs argue that their Motion for Protective Order should not have been subject to the April 5, 2011
deadline, as it is not a motion to challenge discovery responses. They further contend that
they should be permitted to file their Motion to Compel because the delay in filing was caused by
Defendant's intentional refusal to produce responsive documents and produce a witness responsive to

their Rule 30(b)(6) deposition.

## II.    Legal Standard

Generally, leave to amend a pleading "shall be freely given when justice so requires." Fed. R. Civ. P. 15(a).  However, the standard governing whether amendment should be permitted "becomes progressively more difficult to meet as litigation proceeds toward trial."  *Byrd v. Guess*, 137 F.3d 1126, 1131 (9th Cir. 1998).  Pursuant to Rule 16, once the district court enters a scheduling order setting forth a deadline for the amendment of pleadings, the schedule "shall not be modified except upon a showing of good cause."  Fed. R. Civ. P. 16(b); *see also Zivkovic v. S. Cal. Edison Co.*, 302 F.3d 1080, 1087 (9th Cir. 2002) (good cause exists "if [the schedule] cannot reasonably be met despite the diligence of the party seeking the extension") (citing *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992)).  Rule 16(b)'s "good cause" standard "primarily considers the diligence of the party seeking the amendment."  *Johnson*, 975 F.2d at 609 ("carelessness is not compatible with a finding of diligence and offers no reason for a grant of relief).  "If the party seeking the modification was not diligent, the inquiry should end and the motion to modify should not be granted."  *Zivkovic*, 302 F.3d at 1087 (internal citations omitted).

## III.    Discussion

Plaintiffs insist that they were prevented from serving discovery until this Court ruled on their Private Attorney General Act ("PAGA") claims.  They argue that a ruling was not issued until "more than ten months after this case was filed."  Application, 5 (emphasis removed).  This is somewhat disingenuous, as the Motion referenced was not even *set for a hearing* until roughly *eight* months after the case was filed.  Nevertheless, Plaintiffs insist that they served the discovery relevant to the PAGA claims immediately after the Court's Order on the PAGA claims, but claim that they had just one month to serve discovery and move to compel, if necessary. Application, 5.  As Defendant points out in its Opposition to the Application ("Opposition"), however, Plaintiffs actually served the relevant discovery *prior* to the Court's ruling.  Thus, the Court's Order was not relevant to Plaintiffs' delayed requests.  Wimmer Decl., ¶ 5.

Nonetheless, Plaintiffs argue that they should be permitted to file their Motion to Compel one week late.  Yet, not only are Plaintiffs' representations inaccurate, but Plaintiffs' emphasis on their short time-frame belies this Application; they could have moved to extend the deadline earlier, once they realized they could not possibly comply.  Plaintiffs have therefore not met their burden of showing good cause to amend the Scheduling Order.  Fed. R. Civ. Pro. 16(b).

Plaintiffs also contend that the delay in filing this Application was caused by Defendant, because, contrary to its earlier representations, it refused to produce necessary responsive documents unless Plaintiff would agree to certain conditions that Plaintiffs insist would further delay document production.  According to Plaintiffs, in an effort to avoid a motion, they noticed a Rule 30(b)(6)

deposition requiring Defendant to designate a witness about their PAGA claims, but Plaintiffs ultimately learned that this witness had no knowledge of the topics necessary. Defendant, however, counters that the Motion to Compel has nothing to do with this 30(b)(6) witness deposition. Again, Plaintiffs have not met their burden in this ex parte application.

Finally, Plaintiffs, argue that the Motion for Protective Order should not have been subject to the April 5, 2011 deadline, as it is not a motion to challenge inadequate discovery responses. The Court is skeptical of this argument. Nonetheless, the Court already ruled, in its May 19, 2011 Order denying Defendant's Motion for Sanctions, that it would not punish Plaintiffs for what the Court deemed its good-faith effort to comply with discovery. Though the Court also noted that it would not excuse a lack of compliance, the Court believes that, at the very, least, Plaintiffs' Motion should be heard.

Accordingly, the Court DENIES Plaintiffs' ex parte Application as to the Motion to Compel, but GRANTS Plaintiffs' ex parte as to the Motion for Protective Order.

The Clerk shall serve this minute order on all parties to the action.